# EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number: 21002419**
**Date Processed: 01/22/2020**

| | |
|---|---|
| **Primary Contact:** | Debby Daurer<br>Wright Medical Technology, Inc.<br>1023 Cherry Rd<br>Memphis, TN 38117-5423 |

| | |
|---|---|
| **Entity:** | Wright Medical Technology, Inc.<br>Entity ID Number  2233123 |
| **Entity Served:** | Wright Medical Technology, Inc. |
| **Title of Action:** | James Shaw  vs. Wright Medical Group, Inc. |
| **Matter Name/ID:** | James Shaw vs. Wright Medical Group, Inc. (9815787) |
| **Document(s) Type:** | Amended Complaint/Petition |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19STCV36986 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/21/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Steven R. Vartazarian<br>818-990-9949 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Steven R. Vartazarian, Esq. (SBN 227635)
Matthew J. Whibley, Esq. (SBN 299383)
Nicholas M. Maxwell, Esq. (SBN 283575)
THE VARTAZARIAN LAW FIRM
15250 Ventura Blvd., Suite 505
Sherman Oaks, California 91403
Phone: 818.990.9949
Fax:    818.990.6124

**Attorneys for Plaintiffs,**
JAMES SHAW and LISA SHAW

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES SHAW, LISA SHAW,<br><br>Plaintiffs,<br><br>v.<br><br>WRIGHT MEDICAL GROUP, INC., a Corporation; WRIGHT MEDICAL TECHNOLOGY, INC., a corporation; ADVANCED SURGICAL DEVICES, INC., a California Corporation, WILLIAM ZUROWSKI, FRANK VELAZCO, and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: 19STCV36986<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>(1) Strict Products Liability<br>(2) Negligence<br>(3) Breach of Warranty<br>(4) Loss of Consortium<br><br>**JURY TRIAL DEMANDED**<br><br>*[AMOUNT DEMANDED EXCEEDS $25,000]* |

Plaintiffs JAMES SHAW and LISA SHAW bring this action against WRIGHT MEDICAL GROUP, INC., a corporation, WRIGHT MEDICAL TECHNOLOGY, INC., a corporation, ADVANCED SURGICAL DEVICES, INC., a California corporation, WILLIAM ZUROWSKI, FRANK VELAZCO, and DOES 1 to 100, inclusive (collectively hereinafter referred to as "Defendants") and alleges as follows:

## GENERAL ALLEGATIONS

1.    At all relevant times, Plaintiffs JAMES SHAW and LISA SHAW are and were residents of the State of California.

2.    Defendant Wright Medical Group, Inc., a corporation, is a citizen of the State of Delaware (where incorporated) and the State of Tennessee (principal place of business), and is

1 the parent company of Defendant Wright Medical Technology, Inc., a corporation, which is a

2 citizen of the State of Delaware (where incorporated) and the State of Tennessee (principal place

3 of business), collectively referred to hereinafter as the "WRIGHT" Defendants.

4     3.    Defendant Advanced Surgical Devices, Inc. is a California corporation with its

5 principal place of business in Los Angeles, California.  At all relevant times, said Defendant was

6 a California-based distributor or sales representative of orthopedic products manufactured by

7 Defendant Wright Medical Technology, Inc., including the Wright Medical Profemur hip

8 products in issue in this civil action.

9     4.    Defendant WILLIAM ZUROWSKI ("ZUROWSKI") is resident and citizen of

10 State of California, with his principal place of business at 227 Palisades Ave, Santa Monica, CA

11 90402.

12     5.    Defendant FRANK VELAZCO ("VELAZCO") is resident and citizen of State

13 of California, with his principal place of business at 3775 Ashwood Ave., Los Angeles,

14 California 90066.

15     6.    Directly or through its aforesaid subsidiaries, Defendants Wright Medical

16 Group, Inc., and Wright Medical Technology, Inc., designed, manufactured, distributed and sold

17 in California various orthopedic hardware systems including the Profemur Z hip prosthesis

18 components at issue in this case.

19     7.    The Profemur Z hip prosthesis, and all other relevant components were

20 approved for marketing by the Food and Drug Administration via its 510(K) Premarket

21 Notification procedure filed by one of the "Wright" defendants, and therefore defendants are not

22 exempt from suit in State Court.

23     8.    The true names and capacities, whether individual, corporate, associate,

24 governmental or otherwise of DOE 1 to DOE 100, inclusive, are unknown to Plaintiff at this

25 time, who therefore sue said defendants by such fictitious names. When the true names and

26 capacities of said defendants are ascertained, Plaintiff will amend this Complaint accordingly.

27 Plaintiff is informed and believes, and thereon allege, that each of the defendants designated

28 herein as a DOE was and is responsible in some manner for the events and happenings herein

1 | referred to and their conduct directly, proximately and legally caused the injuries and damages

2 | sustained by Plaintiff as herein alleged, either through said defendants' own conduct or through

3 | the conduct of their agents, servants, or employees, or in some other manner.

4 |       9.     At all times herein mentioned, each defendant named herein was and is the

5 | duly authorized agent, employee, servant, partner and/or joint venture of the other co-defendants,

6 | acting within the course and scope of said relationship. Further, when acting as a principal, each

7 | defendant approved, consented to, and ratified the acts and conduct of his, her or its

8 | co-defendants.

9 | **FACTUAL CONTENTIONS**

10 |       10.    In 2003 Plaintiff, JAMES SHAW underwent staged implantation of bilateral

11 | "Wright" modular neck, Profemur Z stem and monoblock metal cup hip prostheses.

12 |       11.    Specifically, the implants utilized cobalt and chromium materials, and the

13 | system as a whole utilized modular stems and metal-on-metal articulation. The failed implants

14 | consisted of such components, all of which were manufactured and caused to be distributed in

15 | California by defendants WRIGHT MEDICAL GROUP, INC., and, WRIGHT MEDICAL

16 | TECHNOLOGY, INC., Advanced Surgical Devices, Inc., WILLIAM ZUROWSKI and FRANK

17 | VELAZCO. At the time the femoral components were implanted in Plaintiff, they were in the

18 | same condition in all respects as when it left the Defendants' control.

19 |       12.    Both the left and right implants failed resulting in apparent, observed and

20 | documented: cobalt and chromium toxicity and the dissemination of metallic debris into the

21 | tissues surrounding the implants; development and presentation of pseudotumors secondary to

22 | metal-on-metal reaction; pain, and failure resulting in the necessity of revision surgery.

23 |       13.    As a result of the failure, Plaintiff required right hip revision surgery on or

24 | about July 26, 2018 and the left hip revision surgery occurred on or about January 14, 2019.

25

26

27

28

1

## FIRST CAUSE OF ACTION

2

**(By JAMES SHAW For Strict Products Liability Against Defendants Wright Medical Group Inc., and Wright Medical Technology, Inc., for defectively designing, manufacturing, and failing to warn of the potential for breakage of the Total Hip Arthroplasty components including the modular Profemur Z femoral component as described above.)**

3

4

5

14.     Plaintiff re-alleges and incorporates herein by reference the above paragraphs 1

6

through 13 as if fully set forth within.

7

15.     **DESIGN DEFECT**

8

A.   **Consumer Expectation Test**

9

1.   Plaintiff claims that the products' design was defective because the

10

product did not perform as safely as an ordinary consumer would have

11

expected it to perform. Specifically, Plaintiff who was an ordinary consumer,

12

formed a reasonable minimum safety expectation that the hip implant system

13

as a whole (hereafter, "system") as well as the individual components

14

manufactured by the Defendants would not corrode and release metals and

15

metallic debris into the surrounding tissue causing severe tissue damage and

16

necessitating premature surgical removal.

17

2.   Plaintiff further alleges that Defendants manufactured distributed and sold

18

the subject product(s) in California. Plaintiff alleges that the product(s) did not

19

perform as safely as an ordinary consumer would have expected it to perform

20

when used in the manner intended by the manufacturer. Plaintiff further

21

contends that he was harmed by the defective design of the product(s) when it

22

corroded and released metallic debris into the surrounding tissue causing

23

severe tissue damage and requiring revision surgery. Plaintiff contends that the

24

product(s)' failure to perform safely was a substantial factor, and the only

25

factor, in causing Plaintiff's harm as stated herein.

26

16.   **Risk Benefit Test**

27

1.   Plaintiff claims that the product(s)' design caused harm to Plaintiff.

28

Plaintiff contends that Defendants manufactured, distributed and sold the

4

subject product(s) in California.  Plaintiff contends that he was harmed by the product(s) as a result of its design when it corroded and released metallic debris into the tissue surrounding the implants causing severe tissue damage and necessitating surgical revision well before the intended and reasonable life expectancy of the products. Plaintiff contends that the product(s)' design was a substantial factor, and the only factor, in causing his harm as stated herein.

17.  **Failure to Warn**

1.  Plaintiff claims that the hip replacement system and components described in this complaint, the metal-on-metal articulation of the system as designed, as well as specifically the modular Profemur Z femoral component, lacked sufficient warning of its potential risk for corrosion, fretting and release of metal, including chromium and cobalt, into the body. Plaintiff contends and alleges that this system and components had a substantial risk of fretting or corroding that was known and/or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and/or sale. Plaintiff further contends that the potential risk of fretting or corrosion presented a substantial danger to users of this system and components which ordinary consumers could not have recognized. Plaintiff further contends and alleges that Defendants failed to adequately warn of the potential risk of the system and components in a way that was reasonably foreseeable to Defendants.

2.  As a result, Plaintiff was prevented from making an informed decision about which implant he would allow to be implanted in his body. Had he been adequately informed, he would have chosen a safer alternate design that had a track record of success.

3.  Plaintiff was harmed and the lack of sufficient warnings was a substantial factor in causing Plaintiff's harm.

18.  As a direct, proximate, and legal result of the actions of Defendants described herein, Plaintiff JAMES SHAW suffered debilitating injury which required two (2) invasive

revision surgeries, which caused Plaintiff to suffer past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, humiliation, and emotion distress.

19. As a further direct, proximate, and legal result of defendant's negligence as described herein, Plaintiff has incurred past medical expenses and will incur future medical expenses in an amount to be ascertained.

## SECOND CAUSE OF ACTION

**(By JAMES SHAW for Negligence Against Defendants Wright Medical Group, Inc., and Wright Medical Technology, Inc.)**

20. Plaintiff JAMES SHAW re-alleges and incorporates the above paragraphs 1 through 19 as if fully set forth herein.

21. Defendants owed a duty of reasonable care to Plaintiff JAMES SHAW to design, manufacture, sell, and/or distribute the aforementioned hip replacement system, components, and specifically modular Profemur Z femoral components as described above, in a condition that was safe for its intended purpose. Defendants' duty includes a duty to ensure that the modular Profemur Z femoral components did not cause users to suffer from failure once implanted. Defendants failed to exercise ordinary care in the manufacture, design, sale, testing, quality assurance, quality control, marketing, and/or distribution of the described system and components, including specifically the modular Profemur Z femoral components in that Defendants knew or should have known that the defective design of the hip replacement system, defective components, and specifically defective modular Profemur Z femoral components created a risk of failure that could result in painful and debilitating injury, which could only be alleviated by revision surgery.

22. Defendants breached their duty to Plaintiff JAMES SHAW in the testing, design, manufacture, packaging, warning, advertising, promotion, distribution and sale of its aforementioned hip replacement system, components, and specifically modular Profemur Z femoral components in that Defendants failed to use ordinary care in designing and manufacturing the components so as to avoid the manufacturing and design defects that cause the components to fail.

23.    Defendants also breached their duty to Plaintiff JAMES SHAW by failing to properly design, manufacture, inspect, and/or prepare the aforementioned components, including the modular Profemur Z femoral components, that were implanted into Plaintiff and others similarly situated.

24.    Although Defendants knew or should have known that the aforementioned system, components, and specifically modular Profemur Z femoral components were defective and could fail, Defendants failed to warn the medical community and the public of said risk. Defendants knew or reasonably should have known that the aforementioned system, components, and specifically modular Profemur Z femoral components were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.  Defendants knew or reasonably should have known that users would not realize the danger and Defendants failed to adequately warn of the danger.  A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned of the danger. As a result of the negligent failure to warn, Plaintiff was harmed. Defendants ' failure to warn was a substantial factor in causing Plaintiff's harm.

25.    Defendants knew or should have known that consumers such as Plaintiff JAMES SHAW risked injury as a result of Defendants ' failure to exercise ordinary care as described above.

26.    Plaintiff further alleges that Defendants knew or should have known of the aforementioned system, components, and specifically modular Profemur Z femoral components' defective nature, as set forth herein, but continued to manufacture, design , market, and sell the aforementioned system, components, and specifically modular Profemur Z femoral components so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff , in conscious or reckless disregard of the foreseeable harm caused by the aforementioned system, components, and specifically modular Profemur Z femoral components.

27.    As a direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff JAMES SHAW suffered debilitating injury which required two (2) invasive revision surgeries, which caused Plaintiff to suffer from past and future physical pain, mental

1  suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort,

2  inconvenience, anxiety, humiliation, and emotional distress.

3      28.   As a further direct, proximate and legal result of defendant's negligence as

4  described herein, Plaintiff has incurred past medical expenses and will incur future medical

5  expenses in an amount to be ascertained.

6                          **THIRD CAUSE OF ACTION**

7  **(By JAMES SHAW for Breach of Warranty Against Defendants Wright Medical Group, Inc. and Wright Medical Technology, Inc.)**

8

9      29.   Plaintiff JAMES SHAW re-alleges and incorporates the above paragraphs 1

10  through 28 as if fully set forth herein.

11      30.   Plaintiff contends that he was harmed by the aforementioned system,

12  components, and specifically modular Profemur Z femoral components because they did not have

13  the quality that a buyer would expect and/or that it was not suitable for its intended purpose.

14      31.   Defendants impliedly warranted that they would sell and deliver the

15  aforementioned system, components, and specifically modular Profemur Z femoral components

16  that were fit for the particular purposes for which they were intended.  Defendants also knew that

17  Plaintiff JAMES SHAW and his physician intended to use the aforementioned system,

18  components, and specifically modular Profemur Z femoral components for the particular purpose

19  of hip replacement.

20      32.   Plaintiff JAMES SHAW and his physician relied upon Defendants' skill

21  and/or judgment in furnishing a suitable aforementioned system, components, and specifically

22  modular Profemur Z femoral components.

23      33.   Defendants, by selling and delivering defective versions of the aforementioned

24  system, components, and specifically modular Profemur Z femoral components, which were used

25  during Plaintiff's surgery, breached the implied warranties of merchantability and fitness in that

26  the aforementioned system, components, and specifically modular Profemur Z femoral

27  components presented an unreasonable risk of failure resulting in pain, discomfort, anxiety,

28  emotional distress, partial   disability, and the necessity of painful, invasive surgery.

34.   As a direct, proximate, and legal result of defendant's actions as described herein, Plaintiff JAMES SHAW suffered debilitating injury which required two (2) invasive revision surgeries, which caused Plaintiff to suffer from past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, humiliation, and emotional distress, and was caused to suffer from, and continues to suffer from emotional distress, pain, discomfort, and anxiety.

35.   As a further direct, proximate, and legal result of defendant's negligence as described herein, Plaintiff has incurred medical expenses and will incur future medical expenses in an amount to be ascertained.

**FOURTH CAUSE OF ACTION**

**(By LISA SHAW for Loss of Consortium Against Defendants Wright Medical Group, Inc. and Wright Medical Technology, Inc.)**

36.   Plaintiff LISA SHAW re-alleges and incorporates the above paragraphs 1 through 35 as if fully set forth herein.

37.   At all relevant time periods, including 2003 when the hip implants were inserted, the Plaintiffs, LISA SHAW and JAMES SHAW, were married and continue to be married.

38.   As a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the enjoyment of sexual relations, all to the detriment of their marital relationship.

39.   That all the injuries and damages were caused solely and proximately by the negligent and wrongful acts of the Defendants.

WHEREFORE, Plaintiff requests the following relief.

**On the First through Third Causes of Action by Plaintiff JAMES SHAW**

Against All Defendants:

(a)   General damages in an amount according to proof;

(b)   Special damages according to proof;

9

**FIRST AMENDED COMPLAINT**

1               (c)  Interest, costs and expenses in this litigation;

2               (d)  pre-judgment interest on the amount of damages attributable to personal

3            injury pursuant to Civil Code section 3291; and

4               (e)  such other and further relief as may be just and proper.

5        **On the Fourth Cause of Action by Plaintiff LISA SHAW**

6        Against All Defendants:

7               (a)  General damages in an amount according to proof;

8               (b)  Special damages according to proof;

9               (c)  Interest, costs and expenses in this litigation;

10            (d)  pre-judgment interest on the amount of damages attributable to personal

11       injury pursuant to Civil Code section 3291; and

12           (e)  such other and further relief as may be just and proper.

13

14                     **JURY TRIAL DEMANDED**

15       Plaintiff hereby demands a trial by jury as to all claims and causes of action.

16

17

18                     **THE VARTAZARIAN LAW FIRM**

19

20   Dated: January 16, 2020

21                     Steven R. Vartazarian, Esq.

22                     Matthew J. Whibley, Esq.

23                     Nicholas M. Maxwell, Esq.

24

25

26

27

28

1                     PROOF OF SERVICE

2          STATE OF CALIFORNIA, LOS ANGELES COUNTY

3          I am employed in Los Angeles County, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 15250 Ventura Blvd., Suite 505, Sherman Oaks,

4    CA 91403

5          On September 26, 2019, I served the foregoing document described as

6        FIRST AMENDED COMPLAINT

7    on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

8

                      **Please see Service List**

9

    **(XXX)**       BY U.S. MAIL: I deposited such envelope(s) in the mail at Sherman Oaks, California.

10   The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be

11   deposited with U.S. Postal Service on the same day in the ordinary course of business. I am aware on motion of the party served, service is presumed invalid if postal cancellation date or postage

12   meter date is more than one day after the date of deposit for mailing in affidavit.

13   ( )     OVERNIGHT DELIVERY: () UPS () FedEx: I enclosed the documents in an envelope or package and addresses to the persons at the address stated in the SERVICE LIST.  I placed the

14   envelope or package for collection and overnight delivery at an office or a regular utilized drop box of the overnight delivery carrier.

15

    ( )     UPS / FEDEX DELIVERY:  I enclosed the documents in an envelope or package and

16   addresses to the persons at the address stated in the SERVICE LIST.  I placed the envelope or package for collection and delivery at an office or a regular utilized drop box of the delivery carrier.

17

    ( )     PERSONAL SERVICE: I enclosed the documents in an envelope or package

18   and personally served the persons stated in the SERVICE LIST.

19   ( )     FACSIMILE: I faxed the documents to the persons at the numbers listed in the SERVICE LIST. No error was reported by the fax system that I used.  A copy of the record of the fax

20   transmission, which I printed out, is attached.

21   ( )     EMAIL/ELECTRONIC TRANSMISSION: I caused the documents to be sent to the person at the email addressed listed in the SERVICE LIST.  I did not receive, within a reasonable time after

22   the transmission, any electronic message or other indication that the transmission was unsuccessful.

23         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25        EXECUTED on September 26, 2019,  at Sherman Oaks, California

26

27                       HEATHER RIOS

28

1
2

**<u>Service List</u>**

3   William Zurowski
    227 Palisades Avenue
4   Santa Monica, CA 90402
    *Defendant*
5

6   Advanced Surgical Devices, Inc
    c/o William Zurowski
7   227 Palisades Avenue
    Santa Monica, CA 90402
8   *Defendant*

9
    Wright Medical Group, Inc.
10  CSC Lawyers, Inc.
    2710 Gateway Oaks Dr. Ste 150N
11  Sacramento, CA 95833-3502
    *Defendant*
12

13  Wright Medical Technologies, Inc.
    CSC Lawyers, Inc.
14  2710 Gateway Oaks Dr. Ste 150N
    Sacramento, CA 95833-3502
15  *Defendant*

16
    Sean K. Burke, Esq
17  **DUANE MORRIS, LLP**
    30 S. 17th Street
18  Philadelphia, PA 19103-4196

19

20

21

22

23

24

25

26

27

28

The Vartazarian Law Firm
15250 Ventura Blvd., Suite 505
Sherman Oaks, CA 91403





UNITED STATES POSTAGE
PITNEY BOWES
$001.30
02 1P
0000631956   JAN 16 2020
MAILED FROM ZIP CODE 91403

Wright Medical Technologies, Inc.
CSC Lawyers, Inc.
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833-3502



**Notice of Service of Process**

null / ALL
**Transmittal Number: 20772572**
**Date Processed: 12/03/2019**

| | |
|---|---|
| Primary Contact: | Debby Daurer<br>Wright Medical Technology, Inc.<br>1023 Cherry Rd<br>Memphis, TN 38117-5423 |

| | |
|---|---|
| **Entity:** | Wright Medical Technology, Inc.<br>Entity ID Number  2233123 |
| **Entity Served:** | Wright Medical Technology, Inc. |
| **Title of Action:** | James Shaw vs. Wright Medical Group, Inc. |
| **Matter Name/ID:** | James Shaw vs. Wright Medical Group, Inc. (9815787) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19STCV36986 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/02/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Steven R. Vartazarian<br>818-990-9949 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WRIGHT MEDICAL GROUP, INC.; a Corporation; WRIGHT MEDICAL TECHNOLOGY,
INC. , a corporation; ADVANCED SURGICAL DEVICES, INC., a California Corporation,
WILLIAM ZUROWSKI, FRANK VELAZCO, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James Shaw and Lisa Shaw

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Los Angeles Superior Court
*(El nombre y dirección de la corte es):*

312 North Spring Street
Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV36986** |
|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven R. Vartazarian, Esq., 15250 Ventura Blvd., Suite 505, Sherman Oaks, CA 91403, 818-990-9949

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 10/15/2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | Romunda Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* WRIGHT MEDICAL TECHNOLOGY, INC, a CORPORATION

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jon Takasugi

Steven R. Vartazarian, Esq. (SBN 227635)
Matthew J. Whibley, Esq. (SBN 299383)
Nicholas M. Maxwell, Esq. (SBN 283575)
THE VARTAZARIAN LAW FIRM
15250 Ventura Blvd., Suite 505
Sherman Oaks, California 91403
Phone: 818.990.9949
Fax:    818.990.6124

**Attorneys for Plaintiffs,**
JAMES SHAW and LISA SHAW

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES SHAW, LISA SHAW, <br><br> Plaintiffs, <br><br> v. <br><br> WRIGHT MEDICAL GROUP, INC., a Corporation; WRIGHT MEDICAL TECHNOLOGY, INC., a corporation; ADVANCED SURGICAL DEVICES, INC., a California Corporation, WILLIAM ZUROWSKI, FRANK VELAZCO, and DOES 1 to 100, inclusive, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR: <br><br> (1) Strict Products Liability <br> (2) Negligence <br> (3) Breach of Warranty <br> (4) Loss of Consortium <br><br> **JURY TRIAL DEMANDED** <br><br> *[AMOUNT DEMANDED EXCEEDS $25,000]* |

Plaintiffs JAMES SHAW and LISA SHAW bring this action against WRIGHT MEDICAL GROUP, INC., a corporation, WRIGHT MEDICAL TECHNOLOGY, INC., a corporation, ADVANCED SURGICAL DEVICES, INC., a California corporation, WILLIAM ZUROWSKI, FRANK VELAZCO, and DOES 1 to 100, inclusive (collectively hereinafter referred to as "Defendants") and alleges as follows:

### GENERAL ALLEGATIONS

1.      At all relevant times, Plaintiffs JAMES SHAW and LISA SHAW are and were residents of the State of California.

2.      Defendant Wright Medical Group, Inc., a corporation, is a citizen of the State of Delaware (where incorporated) and the State of Tennessee (principal place of business), and is

the parent company of Defendant Wright Medical Technology, Inc., a corporation, which is a citizen of the State of Delaware (where incorporated) and the State of Tennessee (principal place of business), collectively referred to hereinafter as the "WRIGHT" Defendants.

3.      Defendant Advanced Surgical Devices, Inc. is a California corporation with its principal place of business in Los Angeles, California.  At all relevant times, said Defendant was a California-based distributor or sales representative of orthopedic products manufactured by Defendant Wright Medical Technology, Inc., including the Wright Medical Profemur hip products in issue in this civil action.

4.      Defendant WILLIAM ZUROWSKI ("ZUROWSKI") is resident and citizen of State of California, with his principal place of business at 227 Palisades Ave, Santa Monica, CA 90402.

5.      Defendant FRANK VELAZCO ("VELAZCO") is resident and citizen of State of California, with his principal place of business at 3775 Ashwood Ave., Los Angeles, California 90066.

6.      Directly or through its aforesaid subsidiaries, Defendants Wright Medical Group, Inc., and Wright Medical Technology, Inc., designed, manufactured, distributed and sold in California various orthopedic hardware systems including the Profemur Z hip prosthesis components at issue in this case.

7.      The Profemur Z hip prosthesis components were approved for marketing by the Food and Drug Administration via its 510(K) Premarket Notification procedure filed by one of the "Wright" defendants, and therefore defendants are not exempt from suit in State Court.

8.      The true names and capacities, whether individual, corporate, associate, governmental or otherwise of DOE 1 to DOE 100, inclusive, are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon allege, that each of the defendants designated herein as a DOE was and is responsible in some manner for the events and happenings herein referred to and their conduct directly, proximately and legally caused the injuries and damages

1 │ sustained by Plaintiff as herein alleged, either through said defendants' own conduct or through

2 │ the conduct of their agents, servants, or employees, or in some other manner.

3 │　　　　9.　　At all times herein mentioned, each defendant named herein was and is the

4 │ duly authorized agent, employee, servant, partner and/or joint venture of the other co-defendants,

5 │ acting within the course and scope of said relationship.  Further, when acting as a principal, each

6 │ defendant approved, consented to, and ratified the acts and conduct of his, her or its

7 │ co-defendants.

8 │ **FACTUAL CONTENTIONS**

9 │　　　　10.　　In 2003 Plaintiff, JAMES SHAW underwent staged implantation of bilateral

10 │ "Wright" modular neck, Profemur Z stem and monoblock metal cup hip prostheses.

11 │　　　　11.　　Specifically, the femoral components were dual modular Profemur Z size 4

12 │ stems coupled with "Wright" Profemur chromium/cobalt long necks (hereinafter referred to as

13 │ the Profemur Z femoral components) all of which were manufactured and caused to be

14 │ distributed in California by defendants WRIGHT MEDICAL GROUP, INC., and, WRIGHT

15 │ MEDICAL TECHNOLOGY, INC., Advanced Surgical Devices, Inc., WILLIAM ZUROWSKI

16 │ and FRANK VELAZCO.  At the time the femoral components were implanted in Plaintiff, they

17 │ were in the same condition in all respects as when it left the Defendants' control.

18 │　　　　12.　　Both implants failed resulting in the dissemination of metallic debris into the

19 │ tissues surrounding the implants.

20 │　　　　13.　　As a result of the failure, Plaintiff required right hip revision surgery on or

21 │ about July 26, 2018 and the left hip revision surgery occurred on or about January 14, 2019.

22 │

23 │ **FIRST CAUSE OF ACTION**

24 │ **(By JAMES SHAW For Strict Products Liability Against Defendants Wright Medical**
   │ **Group Inc., and Wright Medical Technology, Inc., for defectively designing,**
25 │ **manufacturing, and failing to warn of the potential for breakage of the dual modular**
   │ **Profemur Z femoral component as described above.)**
26 │

27 │　　　　14.　　Plaintiff re-alleges and incorporates herein by reference the above paragraphs 1

28 │ through 13 as if fully set forth within.

3

15. **DESIGN DEFECT**

A. **Consumer Expectation Test**

1. Plaintiff claims that the products' design was defective because the product did not perform as safely as an ordinary consumer would have expected it to perform. Specifically, Plaintiff who was an ordinary consumer, formed a reasonable minimum safety expectation that the hip implant components manufactured by the Defendants would not corrode and release metallic debris into the surrounding tissue causeing severe tissue damage and necessitating premature surgical removal.

2. Plaintiff further alleges that Defendants manufactured distributed and sold the subject product in California. Plaintiff alleges that the product did not perform as safely as an ordinary consumer would have expected it to perform when used in the manner intended by the manufacturer. Plaintiff further contends that he was harmed by the defective design of the product when it corroded and released metallic debris into the surrounding tissue causing severe tissue damage and requiring revision surgery. Plaintiff contends that the products' failure to perform safely was a substantial factor, and the only factor, in causing Plaintiff's harm as stated herein.

16. **Risk Benefit Test**

1. Plaintiff claims that the product's design caused harm to Plaintiff. Plaintiff contends that Defendants manufactured, distributed and sold the subject product in California. Plaintiff contends that he was harmed by the product as a result of its design when it corroded and released metallic debris into the tissue surrounding the implants causing severe tissue damage and necessitating surgical revision well before the intended and reasonable life expectancy of the products. Plaintiff contends that the products' design was a substantial factor, and the only factor, in causing his harm as stated herein.

17. **Failure to Warn**

1.   Plaintiff claims that the dual modular Profemur Z femoral component lacked sufficient warning of its potential risk for corrosion. Plaintiff contends and alleges that the dual modular Profemur Z femoral component had a substantial risk of corroding that was known and/or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and/or sale. Plaintiff further contends that the potential risk of corrosion presented a substantial danger to users of the dual modular Profemur Z femoral components that ordinary consumers could not have recognized. Plaintiff further contends and alleges that Defendants failed to adequately warn of the potential risk of the dual modular Profemur Z femoral components in a way that was reasonably foreseeable to Defendants.

2.   As a result, Plaintiff was prevented from making an informed decision about which implant he would allow to be implanted in his body. Had he been adequately informed, he would have chosen a safer alternate design that had a track record of success.

3.   Plaintiff was harmed and the lack of sufficient warnings was a substantial factor in causing Plaintiff's harm.

18.   As a direct, proximate, and legal result of the actions of Defendants described herein, Plaintiff JAMES SHAW suffered debilitating injury which required two (2) invasive revision surgeries, which caused Plaintiff to suffer from past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, humiliation, and emotion distress.

19.   As a further direct, proximate, and legal result of defendant's negligence as described herein, Plaintiff has incurred past medical expenses and will incur future medical expenses in an amount to be ascertained.

///

## SECOND CAUSE OF ACTION

(By JAMES SHAW for Negligence Against Defendants Wright Medical Group, Inc., and Wright Medical Technology, Inc.)

20.     Plaintiff JAMES SHAW re-alleges and incorporates the above paragraphs 1 through 19 as if fully set forth herein.

21.     Defendants owed a duty of reasonable care to Plaintiff JAMES SHAW to design, manufacture, sell, and/or distribute the dual modular Profemur Z femoral components as described above, in a condition that was safe for its intended purpose.  Defendants' duty includes a duty to ensure that the dual modular Profemur Z femoral components did not cause users to suffer from failure once implanted. Defendants failed to exercise ordinary care in the manufacture, design, sale, testing, quality assurance, quality control, marketing, and/or distribution of the dual modular Profemur Z femoral components in that Defendants knew or should have known that the defective dual modular Profemur Z femoral components created a risk of failure that could result in painful and debilitating injury, which could only be alleviated by revision surgery.

22.     Defendants breached their duty to Plaintiff JAMES SHAW in the testing, design, manufacture, packaging, warning, advertising, promotion, distribution and sale of its dual modular Profemur Z femoral components in that Defendants failed to use ordinary care in designing and manufacturing the dual modular Profemur Z femoral components so as to avoid the manufacturing and design defects that cause the dual modular Profemur Z femoral components to fail.

23.     Defendants also breached their duty to Plaintiff JAMES SHAW by failing to properly design, manufacture, inspect, and/or prepare the dual modular Profemur Z femoral components that were implanted into Plaintiff and others similarly situated.

24.     Although Defendants knew or should have known that the dual modular Profemur Z femoral components were defective and could fail, Defendants failed to warn the medical community and the public of said risk. Defendants knew or reasonably should have known that the dual modular Profemur Z femoral components were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.  Defendants knew or reasonably should have known that users would not realize the danger and Defendants failed to adequately

6

1   warn of the danger.  A reasonable manufacturer, distributor, and/or seller under the same or

2   similar circumstances would have warned of the danger. As a result of the negligent failure to

3   warn, Plaintiff was harmed. Defendants ' failure to warn was a substantial factor in causing

4   Plaintiff's harm.

5           25.    Defendants knew or should have known that consumers such as Plaintiff

6   JAMES SHAW risked injury as a result of Defendants ' failure to exercise ordinary care as

7   described above.

8           26.    Plaintiff further alleges that Defendants knew or should have known of the

9   dual modular Profemur Z femoral components' defective nature, as set forth herein, but

10   continued to manufacture, design , market, and sell the dual modular Profemur Z femoral

11   components so as to maximize sales and profits at the expense of the health and safety of the

12   public, including Plaintiff , in conscious or reckless disregard of the foreseeable harm caused by

13   the defective dual modular Profemur Z femoral components.

14          27.    As a direct, proximate, and legal result of Defendants' negligence as described

15   herein, Plaintiff JAMES SHAW suffered debilitating injury which required two (2) invasive

16   revision surgeries, which caused Plaintiff to suffer from past and future physical pain, mental

17   suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort,

18   inconvenience, anxiety, humiliation, and emotional distress.

19          28.    As a further direct, proximate and legal result of defendant's negligence as

20   described herein, Plaintiff has incurred past medical expenses and will incur future medical

21   expenses in an amount to be ascertained.

22                          **THIRD CAUSE OF ACTION**

23   **(By JAMES SHAW for Breach of Warranty Against Defendants Wright Medical Group,**
     **Inc. and Wright Medical Technology, Inc.)**

24

25          29.    Plaintiff JAMES SHAW re-alleges and incorporates the above paragraphs 1

26   through 28 as if fully set forth herein.

27          30.    Plaintiff contends that he was harmed by the dual modular Profemur Z

28   femoralcomponents because it did not have the quality that a buyer would expect and/or that it

7

1  was not suitable for its intended purpose.

2        31.    Defendants impliedly warranted that they would sell and deliver the dual

3  modular Profemur Z femoral components that were fit for the particular purposes for which they

4  were intended. Defendants also knew that Plaintiff JAMES SHAW and his physician intended to

5  use the dual modular Profemur Z femoral components for the particular purpose of hip

6  replacement.

7        32.    Plaintiff JAMES SHAW and his physician relied upon Defendants' skill

8  and/or judgment in furnishing a suitable dual modular Profemur Z femoral components.

9        33.    Defendants, by selling and delivering defective dual modular Profemur Z

10  femoral components, which were used during Plaintiff's surgery, breached the implied

11  warranties of merchantability and fitness in that the defective dual modular Profemur Z femoral

12  components presented an unreasonable risk of failure resulting in pain, discomfort, anxiety,

13  emotional distress, partial   disability, and the necessity of painful, invasive surgery.

14        34.    As a direct, proximate, and legal result of defendant's actions as described

15  herein, Plaintiff JAMES SHAW suffered debilitating injury which required two (2) invasive

16  revision surgeries, which caused Plaintiff to suffer from past and future physical pain, mental

17  suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort,

18  inconvenience, anxiety, humiliation, and emotional distress, and was caused to suffer from, and

19  continues to suffer from emotional distress, pain, discomfort, and anxiety.

20        35.    As a further direct, proximate, and legal result of defendant's negligence as

21  described herein, Plaintiff has incurred medical expenses and will incur future medical expenses

22  in an amount to be ascertained.

23                        **FOURTH CAUSE OF ACTION**

24  **(By LISA SHAW for Loss of Consortium Against Defendants Wright Medical Group, Inc. and Wright Medical Technology, Inc.)**

25

26        36.    Plaintiff LISA SHAW re-alleges and incorporates the above paragraphs 1

through 35 as if fully set forth herein.

27
      37.    At all relevant time periods, including 2003 when the hip implants were

28  inserted, the Plaintiffs, LISA SHAW and JAMES SHAW, were married and continue to be

1    married.

2          38.     As a result of the wrongful and negligent acts of the Defendants, and each of

3    them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of

4    consortium, loss of love, companionship, comfort, care, assistance, protection, affection, society,

5    moral support, and the enjoyment of sexual relations, all to the detriment of their marital

6    relationship.

7          39.     That all the injuries and damages were caused solely and proximately by the

8    negligent and wrongful acts of the Defendants.

9          WHEREFORE, Plaintiff requests the following relief.

10   **On the First through Third Causes of Action by Plaintiff JAMES SHAW**

11   Against All Defendants:

12          (a)   General damages in an amount according to proof;

13          (b)   Special damages according to proof;

14          (c)   Interest, costs and expenses in this litigation;

15          (d)   pre-judgment interest on the amount of damages attributable to personal

16          injury pursuant to Civil Code section 3291; and

17          (e)   such other and further relief as may be just and proper.

18   **On the Fourth Cause of Action by Plaintiff LISA SHAW**

19   Against All Defendants:

20          (a)   General damages in an amount according to proof;

21          (b)   Special damages according to proof;

22          (c)   Interest, costs and expenses in this litigation;

23          (d)   pre-judgment interest on the amount of damages attributable to personal

24          injury pursuant to Civil Code section 3291; and

25          (e)   such other and further relief as may be just and proper.

26

27                          **JURY TRIAL DEMANDED**

28   Plaintiff hereby demands a trial by jury as to all claims and causes of action.

1

2

3

4

5    Dated: October 7, 2019

6

7

THE VARTAZARIAN LAW FIRM


Steven R. Vartazarian, Esq.

Matthew J. Whibley, Esq.

Nicholas M. Maxwell, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Steven R. Vartazarian, Esq. (227635), Nicholas M. Maxwell, Esq. (283575)<br>THE VARTAZARIAN LAW FIRM<br>15250 Ventura Blvd., Suite 505<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: 818-990-9949   FAX NO.: 818-990-6124<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Spring Street Courthouse

CASE NAME:
James Shaw, et al v. Wright Medical Group, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☑ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2019

Nicholas M. Maxwell, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Shaw, et al v. Wright Medical Group, Inc., et al | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited, non-collection, limited collection, or personal injury).

<table>
<tr><td></td><td style="text-align:center"><b>A</b><br>Civil Case Cover Sheet<br>Category No.</td><td colspan="2" style="text-align:center"><b>B</b><br>Type of Action<br>(Check only one)</td><td style="text-align:center"><b>C</b><br>Applicable Reasons -<br>See Step 3 Above</td></tr>
<tr><td rowspan="2">Auto<br>Tort</td><td>Auto (22)</td><td>☐</td><td>A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
<tr><td>Uninsured Motorist (46)</td><td>☐</td><td>A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist</td><td>1, 4, 11</td></tr>
<tr><td rowspan="12">Other Personal Injury/ Property Damage/Wrongful Death Tort</td><td rowspan="2">Asbestos (04)</td><td>☐</td><td>A6070  Asbestos Property Damage</td><td>1, 11</td></tr>
<tr><td>☐</td><td>A7221  Asbestos - Personal Injury/Wrongful Death</td><td>1, 11</td></tr>
<tr><td>Product Liability (24)</td><td>☑</td><td>A7260  Product Liability (not asbestos or toxic/environmental)</td><td>1, 4, 11</td></tr>
<tr><td rowspan="2">Medical Malpractice (45)</td><td>☐</td><td>A7210  Medical Malpractice - Physicians & Surgeons</td><td>1, 4, 11</td></tr>
<tr><td>☐</td><td>A7240  Other Professional Health Care Malpractice</td><td>1, 4, 11</td></tr>
<tr><td rowspan="4">Other Personal Injury Property Damage Wrongful Death (23)</td><td>☐</td><td>A7250  Premises Liability (e.g., slip and fall)</td><td>1, 4, 11</td></tr>
<tr><td>☐</td><td>A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)</td><td>1, 4, 11</td></tr>
<tr><td>☐</td><td>A7270  Intentional Infliction of Emotional Distress</td><td>1, 4, 11</td></tr>
<tr><td>☐</td><td>A7220  Other Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
</table>

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Shaw, et al v. Wright Medical Group, Inc., et al | CASE NUMBER |
| --- | --- |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| Business Tort (07) | ☐ | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ | A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ | A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ | A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ | A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ | A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ | A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ | A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ | A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ | A6109 Labor Commissioner Appeals | 10 |
| Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ | A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ | A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ | A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ | A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ | A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ | A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ | A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ | A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ | A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ | A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ | A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ | A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ | A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ | A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ | A6032 Quiet Title | 2, 6 |
| | ☐ | A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ | A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ | A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ | A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ | A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

Row group labels (left vertical):
- Non-Personal Injury/ Property Damage/Wrongful Death Tort
- Employment
- Contract
- Real Property
- Unlawful Detainer

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Shaw, et al v. Wright Medical Group, Inc., et al | | CASE NUMBER | |
|---|---|---|---|

| | **A.** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Shaw, et al v. Wright Medical Group, Inc., et al | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| □ 1. □ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. ☑ 11. | 3775 Ashwood Ave |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90066 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __October 7, 2019__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/15/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____Romunda Clifton_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV36986 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Jon R. Takasugi | 3 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/17/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Romunda Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2018-SJ-007-00

FILED
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, CENTRAL DISTRICT (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: <br> ) <br> ) STANDING ORDER RE: PERSONAL <br> ) INJURY PROCEDURES, CENTRAL <br> ) DISTRICT <br> ) <br> ) |

**DEPARTMENT:**     2     3     4     5     7

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1.   To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil
Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and
Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property
Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-
Uninsured Motorist; Product Liability (other than asbestos or
toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other
Professional Health Care Malpractice; Premises Liability; Intentional Bodily
Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property
Damage/Wrongful Death. An action for intentional infliction of emotional
distress, defamation, civil rights/discrimination, or malpractice (other than
medical malpractice), is not included in this definition. An action for injury to
real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if
plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured
Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,
assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere
in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   The Court sets the above dates in this action in the PI Court circled above (Department
2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3   (C.R.C. Rules 3.714(b)(3), 3.729.)
4   **FILING OF DOCUMENTS**
5   2.   Parties may file documents in person at the filing window on the first floor of the Stanley
6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7   which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no
8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10  legally incompetent person, or person for whom a conservator has been appointed, requests to
11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12  410), may not be filed via e-Delivery.
13  **SERVICE OF SUMMONS AND COMPLAINT**
14  3.   Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15  soon as possible but no later than three years from the date when the complaint is filed.
16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will
17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)
19  4.   The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20  service on defendant(s) of the summons and complaint within six months of filing the complaint.
21  5.   The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22  party appears for trial.
23  **STIPULATIONS TO CONTINUE TRIAL**
24  6.   Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26  good cause or articulating any reason or justification for the change.  To continue or advance a
27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1 | required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2 | LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3 | schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to
4 | continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5 | date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6 | court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.
7 | (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8 | following a court holiday. Parties may submit a maximum of two stipulations to continue trial,
9 | for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10 | a showing of good cause by noticed motion. This rule is retroactive so that any previously
11 | granted stipulation to continue trial will count toward the maximum number of allowed
12 | continuances.

13 | **NO CASE MANAGEMENT CONFERENCES**

14 | 7.      The PI Courts do not conduct Case Management Conferences. The parties need not file
15 | a Case Management Statement.

16 | **LAW AND MOTION**

17 | 8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule
18 | 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts
19 | attached as exhibits. (C.R.C. Rule 3.1116(c).)

20 | **CHAMBERS COPIES REQUIRED**

21 | 9.      In addition to filing original motion papers at the filing window on the first floor of the
22 | Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23 | the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24 | Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25 | hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26 | opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27 | or more three-ring binders organizing the chambers copy behind tabs.

28 | ///

2018-SJ-007-00

1  **RESERVATION HEARING DATE**

2  10.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

3  Reservation System (CRS) available online at _www.lacourt.org_ (link on homepage).   After

4  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

5  the reservation receipt (CRS) number printed on the face page of the document under the caption

6  and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize

7  the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday

8  through Friday, between 3:00 p.m. and 4:00 p.m.

9  **WITHDRAWAL OF MOTIONS**

10  11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

11  immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI

12  Courts urge parties who amend pleadings in response to demurrers to file amended pleadings

13  before the date when opposition to the demurrer is due so that the PI Courts do not needlessly

14  prepare tentative rulings on demurrers.

15  **DISCOVERY MOTIONS**

16  12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

17  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

18  attorney with full authority to make binding agreements, must attend in person.  The PI judges

19  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

20  of the Court.

21  13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

22  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

23  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

24  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

25  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

26  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

27  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

28  filing a motion to compel further discovery responses in order to allow time to participate in an

Page 5 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  IDC.

2     If parties do not stipulate to extend the deadlines, the moving party may file the motion
3  to avoid it being deemed untimely.  However, the IDC must take place before the motion is
4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  *ex parte.*" (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1 | the Court Reservation System from time to time because earlier hearing dates may become
2 | available as cases settle or hearings are taken off calendar.
3 | **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**
4 | 17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5 | Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6 | mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7 | Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8 | the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9 | "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10 | a personal injury case is "complicated" the PI Courts will consider, among other things, the
11 | number of pretrial hearings or the complexity of issues presented.
12 | 18.     Parties opposing a motion to transfer have five court days to file (at the filing window
13 | on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14 | (using the same LACIV 238 Motion to Transfer form).
15 | 19.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16 | Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17 | PI Courts will make an independent determination whether to transfer the case or not.
18 | **FINAL STATUS CONFERENCE**
19 | 20.     Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20 | Order Re Final Status Conference," which shall be served with the summons and complaint.
21 | **JURY FEES**
22 | 21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23 | complaint. (C. C. P. § 631, subds. (b) and (c).)
24 | **JURY TRIALS**
25 | 22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26 | Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27 | will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28 | Courtrooms.

2018-SJ-007-00

1 | SANCTIONS

2 | 23.    The Court has discretion to impose sanctions for any violation of this general order.

3 | (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4 |

5 |

6 | Dated: *April 16, 2018*                    *Debre K Weintraub*

7 |                                            Debre K. Weintraub
                                               Supervising Judge of Civil Courts
8 |                                            Los Angeles Superior Court

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2018-SJ-006-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

## 1.    PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury.  Local Rule 3.25(g)(4).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(g)(5).  The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness.  The

parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.    LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.    JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.    JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. Local Rule 3.25(g)(8). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.    JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

I.   **PAGE AND LINE DESIGNATION FOR**
**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the line and page designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

3.   **EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders may be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

4.   **TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies, tabbed and organized into three-ring binders with a table of contents that includes the following:

Tab A:    Trial Briefs (Optional)

Tab B:    Motions in Limine

Tab C:    Joint Statement to Be Read to the Jury

Tab D:    Joint Witness List

///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

Tab E:     Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:     Joint and Contested Jury Instructions

Tab G:     Joint and/or Contested Verdict Form(s)

Tab H:     Joint Exhibit List

Tab I:     Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J:     Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

5.     **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated _April 16, 2018_                    _Debre K Weintraub_

Debre K. Weintraub
Supervising Judge, Civil
Los Angeles Superior Court



## Superior Court of California, County of Los Angeles

> ### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    Mediation may be appropriate when the parties
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    Mediation may not be appropriate when the parties
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

   (Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**

   https://wdacs.lacounty.gov/programs/drp/

   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1   11)  SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3         Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4         Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                              

11                                                            KEVIN C. BRAZILE

                                                             Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

**11/14/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Lillian Castillejo_____ Deputy

PLAINTIFF/PETITIONER:
James Shaw  et al

DEFENDANT/RESPONDENT:
Wright Medical Group, Inc. et al

**CERTIFICATE OF MAILING**

CASE NUMBER:
19STCV36986

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedures and Hearing Dates  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Nicholas M. Maxwell
Vartazarian Law Firm
15250 Ventura Blvd Ste 505
Sherman Oaks, CA  91403

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/14/2019</u>

By: <u>Lillian Castillejo</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/15/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Romunda Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV36986 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Jon R. Takasugi | 3 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 10/17/2019
   (Date)

By Romunda Clifton , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



**null / ALL**
**Transmittal Number: 21030831**
**Date Processed: 01/28/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Debby Daurer<br>Wright Medical Technology, Inc.<br>1023 Cherry Rd<br>Memphis, TN 38117-5423 |

| | |
|---|---|
| **Entity:** | Wright Medical Technology, Inc.<br>Entity ID Number  2233123 |
| **Entity Served:** | Wright Medical Technologies, Inc. |
| **Title of Action:** | James Shaw vs. Wright Medical Group, Inc. |
| **Matter Name/ID:** | James Shaw vs. Wright Medical Group, Inc. (9815787) |
| **Document(s) Type:** | Notice |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19STCV36986 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/27/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Sender Information:** | Steven R. Vartazarian<br>818-990-9949 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Steven R. Vartazarian, Esq. (SBN: 227635)
Nicholas M. Maxwell, Esq. (SBN: 283575)
Kenneth E. Traynham, Esq. (SBN: 327612)
**THE VARTAZARIAN LAW FIRM**
15250 Ventura Blvd., Suite 505
Sherman Oaks, California 91403
P: 818.990.9949
F: 818.990.6124

Attorneys for Plaintiff,
JAMES SHAW and LISA SHAW

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| JAMES SHAW, LISA SHAW, | Case No: 19STCV36986 |
|---|---|
| Plaintiffs, | |
| v. | |
| WRIGHT MEDICAL GROUP, INC., a Corporation; WRIGHT MEDICAL TECHNOLOGY, INC., a corporation; ADVANCED SURGICAL DEVICES, INC., a California Corporation, WILLIAM ZUROWSKI, FRANK VELAZCO, and DOES 1 to 100, inclusive, | NOTICE OF CHANGE OF ADDRESS |
| Defendants. | |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that THE VARTAZARIAN LAW FIRM, attorneys for Plaintiff JAMES SHAW and LISA SHAW, has moved; effective January 27, 2020 its new address will be: **23621 Park Sorrento, Suite 101, Calabasas, CA 91302.** The firm's

///

///

1   telephone number, facsimile number, and email addresses remain unchanged.

2
3   Dated: January 2̲7̲, 2020                    **THE VARTAZARIAN LAW FIRM**

4                                       By: _____
5                                            Steven R. Vartazarian, Esq.
                                             Nicholas M. Maxwell, Esq.
6                                            Kenneth E. Traynham, Esq.
                                             Attorneys for Plaintiff,
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
**NOTICE OF CHANGE OF ADDRESS**

1    PROOF OF SERVICE

2    STATE OF CALIFORNIA, LOS ANGELES COUNTY

3        I am employed in Los Angeles County, State of California. I am over the age of 18 and not
     a party to the within action; my business address is: 15250 Ventura Blvd., Suite 505, Sherman Oaks,
4    CA 91403

5        On January 22, 2020, I served the foregoing document described as

6    **NOTICE OF CHANGE OF ADDRESS**

7    on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes
     addressed as follows:
8
                                    **Please see Service List**
9
     **(XXX)**      BY U.S. MAIL: I deposited such envelope(s) in the mail at Sherman Oaks, California.
10   The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's
     practice of collection and processing correspondence for mailing. Under that practice it would be
11   deposited with U.S. Postal Service on the same day in the ordinary course of business. I am aware
     on motion of the party served, service is presumed invalid if postal cancellation date or postage
12   meter date is more than one day after the date of deposit for mailing in affidavit.

13   ( )      OVERNIGHT DELIVERY: () UPS () FedEx: I enclosed the documents in an envelope or
     package and addresses to the persons at the address stated in the SERVICE LIST. I placed the
14   envelope or package for collection and overnight delivery at an office or a regular utilized drop box
     of the overnight delivery carrier.
15
     ( )      UPS / FEDEX DELIVERY: I enclosed the documents in an envelope or package and
16   addresses to the persons at the address stated in the SERVICE LIST. I placed the envelope or
     package for collection and delivery at an office or a regular utilized drop box of the delivery carrier.
17
     ( )      PERSONAL SERVICE: I enclosed the documents in an envelope or package
18   and personally served the persons stated in the SERVICE LIST.

19   ( )      FACSIMILE: I faxed the documents to the persons at the numbers listed in the SERVICE
     LIST. No error was reported by the fax system that I used.  A copy of the record of the fax
20   transmission, which I printed out, is attached.

21   ( )      EMAIL/ELECTRONIC TRANSMISSION: I caused the documents to be sent to the person
     at the email addressed listed in the SERVICE LIST. I did not receive, within a reasonable time after
22   the transmission, any electronic message or other indication that the transmission was unsuccessful.

23       I declare under penalty of perjury under the laws of the State of California that the above is
     true and correct.
24
25       EXECUTED on January 22, 2020,  at Sherman Oaks, California

26

27                                   _____
                                     HEATHER RIOS / ELISA LOMELI /
                                     BRITTNEY LUKENBAUGH
28

                                        1                                          JHB
                            **PROOF OF SERVICE**

1

<u>**Service List**</u>

2

William Zurowski
3    227 Palisades Avenue
Santa Monica, CA 90402
4    *Defendant*

5

Advanced Surgical Devices, Inc
6    c/o William Zurowski
227 Palisades Avenue
7    Santa Monica, CA 90402
*Defendant*
8

9    Wright Medical Group, Inc.
CSC Lawyers, Inc.
10   2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833-3502
11   *Defendant*

12

Wright Medical Technologies, Inc.
13   CSC Lawyers, Inc.
2710 Gateway Oaks Dr. Ste 150N
14   Sacramento, CA 95833-3502
*Defendant*
15

16   Sean K. Burke, Esq
**DUANE MORRIS, LLP**
17   30 S. 17th Street
Philadelphia, PA 19103-4196
18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

JHB

The Vartazarian Law Firm
23621 Park Sorrento, Suite 101
Calabasas, CA 91302



SANTA CLARITA
CA 913
23 JAN 20
PM 5 L

02 1P          $000.50
0000631956   JAN 22 2020
MAILED FROM ZIP CODE 91403

**Wright Medical Technologies, Inc.**
**CSC Lawyers, Inc.**
**2710 Gateway Oaks Dr. Ste 150N**
**Sacramento, CA 95833-3502**

95833-350224