# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01644 PA (KSx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | James Shaw, et al. v. Wright Medical Technology, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Wright Medical Technology, Inc. ("Removing Defendant"). (Dkt. No. 1 ("Removal").) For the reasons discussed below, the Court finds that Removing Defendant has not satisfied the requirements of diversity jurisdiction.

    "Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

    Here, Removing Defendant makes no allegation in its Notice of Removal regarding the citizenship of plaintiffs James Shaw and Lisa Shaw ("Plaintiffs"). Plaintiffs' First Amended Complaint alleges "Plaintiffs . . . are and were residents of the state of California." (Removal, Ex. A ¶ 1.) But residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Therefore, the Notice of Removal has not properly alleged Plaintiffs' citizenship. Compare Kanter, 265 F.3d at 857

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01644 PA (KSx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | James Shaw, et al. v. Wright Medical Technology, Inc., et al. | | |

("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Even if Removing Defendant had properly alleged Plaintiffs' citizenship in California, they still would not have made a sufficient showing that there is fraudulent joinder in this case. The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

Removing Defendant does not dispute that defendants Advanced Surgical Devices, Inc., William Zurowski, and Frank Velazco ("Distributor Defendants") are citizens of California. (Removal ¶¶ 8-10.) Removing Defendant instead argues the Distributor Defendants were "fraudulently joined and their citizenship [should be] disregarded for purposes of removal." (Id. ¶ 5.) Removing Defendant argues "Plaintiffs' failure to allege a claim of any substance against the Distributor Defendants shows that they

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01644 PA (KSx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | James Shaw, et al. v. Wright Medical Technology, Inc., et al. | | |

are sham defendants who have been fraudulently joined for the sole purpose of defeating diversity." (Id. ¶ 15.) Removing Defendant further alleges that, because Plaintiffs have already amended their complaint once, they cannot amend again to assert a valid claim against the Distributor Defendants. (Id.)

      Removing Defendant's argument is unpersuasive. This Court is not convinced that, at the very least, Plaintiffs would not be able to amend their First Amended Complaint to allege valid claims against the Distributor Defendants. For example, Plaintiffs' First Amended Complaint alleges that Advanced Surgical Devices, Inc. is a California-based distributor or sales representative of the orthopedic product at issue in this case that is manufactured by Removing Defendant. (Removal, Ex. A, ¶ 3.) One of Plaintiffs' causes of action is for failure to warn. (Id. ¶ 17.) Plaintiffs may be able to amend their First Amended Complaint to adequately allege a cause of action for failure to warn against Advanced Surgical Devices, Inc. While Plaintiffs' First Amended Complaint "may indeed be deficient as accused, . . . leave to amend those deficiencies would be appropriate," and "[r]emand must be granted unless the [Removing Defendant] shows that [Plaintiffs] would not be afforded leave to amend [their] complaint to cure this purported deficiency." Nation, 2013 WL 12144106, at *2. Removing Defendant has made no such showing here.

      The Court finds that Removing Defendant has not met its "heavy burden of persuasion" that there is no possibility that Plaintiffs may prevail on any of their claims against the Distributor Defendants. Neither the First Amended Complaint itself nor any evidence submitted in support of the Notice of Removal forecloses the possibility that Plaintiffs would be granted leave to amend to cure any purported deficiency. Removing Defendant's fraudulent joinder argument therefore fails.[1/]

      For the reasons stated above, Removing Defendant has failed to establish that complete diversity exists. See 28 U.S.C. § 1447(c). The Court does not have jurisdiction over this action. Accordingly, the

---

[1/]     The Court also notes that Removing Defendant's Notice of Removal is procedurally defective. To remove an action from state to federal court, a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). Here, Removing Defendant was served with Plaintiffs' original Complaint on December 2, 2019. (Removal ¶ 2.) Removing Defendant argues its Notice of Removal is timely because Plaintiffs subsequently voluntarily amended their Complaint and filed a First Amended Complaint, which was served on Removing Defendant on January 21, 2020. (Id. ¶¶ 3-4.) However, the Court's review of the original Complaint and First Amended Complaint shows that Plaintiffs' original Complaint alleged causes of action against the same defendants, and there is nothing in the First Amended Complaint that put Removing Defendant on notice for the first time that this case may have been removable. Thus, in order to be procedurally proper, this case had to be removed to this Court within 30 days of December 2, 2019.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01644 PA (KSx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | James Shaw, et al. v. Wright Medical Technology, Inc., et al. | | |

Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. 19STCV36986, for lack of subject matter jurisdiction.

    IT IS SO ORDERED.